JAMES B. LARUE, Respondent, v. GEORGE W. GASKINS, Appellant.

Where the defendant claimed title to the premises as part of a pre-emption claim located by him, he must prove an enclosure of, or marked and visible boundaries, embracing the lot in dispute.

APPEAL from the District Court of the Third Judicial District, Alameda County.

The complaint alleges that the plaintiff was in peaceable possession of a certain lot situated in the town of San Antonio, upon which he had erected a wooden building. That the defendant subsequently en-

tered upon the same unlawfully, and destroyed and carried off said building.

The plaintiff introduced proof of possession and damage, and rested his case. Defendant moved for a nonsuit, upon the ground that the plaintiff had not proved such a possession as would entitle him to recover. The Court overruled the motion, and defendant excepted.

Defendant then offered to introduce the record of a pre-emption claim filed by him; proving his title to the land described in plaintiff's complaint. The Court excluded the same. The jury gave damages for the plaintiff. Defendant moved for a new trial, which the Court denied, and defendant appealed.

*E. R. Carpentier* for Appellant.

1. The District Court erred in refusing the motion for a nonsuit.

The plaintiff had not proven an actual and lawful possession of, nor a legal title to, the premises, and therefore was not entitled to recover in trespass. To enable him to maintain this action, his possession must have been *actual* and *exclusive*. Stuyvesant *v.* Tompkins, 9 Johns., 61. Wickham *v.* Freeman, 12 Ibid., 183. Campbell *v.* Arnold, 1 Ib., 511.

In this case, the testimony of the plaintiff's own witnesses, introduced for the purpose of proving possession of the *locus in quo*, really established the fact, that the defendant had possession of the land, or at least, that he enjoyed it in common with others. There was no pretence of an exclusive possession in the plaintiff, nor in fact of any occupancy by him at all.

This was an action of trespass *quare clausum*, and the gravamen was the damage to the land. The destruction of the house was merely matter of aggravation, and must only be considered after it is shown that the plaintiff was rightfully in possession of the land. Houghtaling *v.* Houghtaling, 5 Barb., 381.

2. The District Court erroneously excluded proof of the record of possessory claim to the land by the defendant.

*John S. Chipman* for Respondent.
No brief on file.

BRYAN, J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

The record in this cause discloses the fact, that there was a dispute between Gaskins and Larue, as to the right of possession to a lot in the town of San Antonio; Gaskins claiming title to the lot, as a part of a pre-emption claim to land located by him. But he does not prove an enclosure of, or any marked and visible boundaries embracing the lot in dispute. Larue, the plaintiff, having erected a house upon the lot, could not be dispossessed in the manner sought by the defendant.

It does not appear that the exclusion of the record of the defendant's claim in evidence was injurious to him upon the trial, since, if it was admitted, it would not, in itself, be evidence of a right of possession.

The motion for a nonsuit was properly overruled, as it was the province of the jury to pass upon the fact of possession, as well as to estimate the damages suffered by the commission of a wrong.

We can perceive no error in the proceedings below. It is, therefore, ordered that the judgment be affirmed with costs.